# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOHNNY LEE JONES III, | ) | |
| | ) | Case No. 2:14-cv-00303-GMN-NJK |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | **O R D E R** and |
| | ) | **REPORT AND RECOMMENDATION** |
| CASEWORKER BARRETT, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

Plaintiff Johnny Lee Jones III, proceeding in this action *pro se*, has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis,* and submitted a Complaint (Dkt. #1-1) on February 26, 2014. This proceeding was referred to this court by Local Rule IB 1-9.

Also before the Court is Plaintiff's Motion for Preliminary Injunction, Docket No. 2, which the undersigned Magistrate Judge, for the reasons discussed below, recommends be DENIED.

**I.**    ***In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). Plaintiff must pay an initial partial filing fee of the greater of twenty percent of the average monthly deposits or twenty percent of the average monthly balance of his account for the six months immediately preceding the commencement of this action. *See* 28 U.S.C. § 1915(b)(1). Plaintiff's average monthly balance is $131.24, and his average monthly deposit is $0.00. Therefore, the Court finds that Plaintiff must pay an initial partial filing fee of $26.25. *See* Docket No. 1, at 4. The court will now review Plaintiff's complaint.

. . .

. . .

**II.	Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per

curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.; see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### III. Screening of the Complaint

Plaintiff alleges that his Eighth Amendment right against cruel and unusual punishment and his Fourteenth Amendment right to equal protection have been violated because he has not been provided dental floss. Specifically, Plaintiff alleges that on January 21, 2014, he informed his caseworker that he could not afford dental floss. His caseworker, in turn, informed him that he was free to buy dental floss, but that the prison would not provide him with free dental floss because it is not a hygienic necessity. Plaintiff then informed the medical department at the High Desert prison that he could not afford dental floss. The nurse in the medical department gave him the same answer as his caseworker - Plaintiff was permitted to purchase dental floss, but free dental floss would not be provided to him by the medical department. Thereafter, on February 20, 2014, Plaintiff lost a tooth. On February 22, 2014, he lost a second tooth. On February 26, 2014, Plaintiff filed the instant Complaint.

### A. Eighth Amendment Cruel and Unusual Punishment

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Id.*; *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir.1986); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir.1982). To prevail in an action alleging cruel and unusual punishment, a plaintiff's case must satisfy an objective standard—that the deprivation was serious enough to amount to cruel and unusual punishment; and a subjective standard—deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Wilson v. Seiter*, 501 U.S. 294, 297–304 (1991). A prison official violates the Eighth Amendment when he responds with deliberate indifference to an inmate's serious medical needs. *Farmer*, 511 U.S. at 834.

Here, Plaintiff's sole allegation, that he has not been provided dental floss, meets neither the objective nor subjective standards of cruel and unusual punishment. First, Plaintiff acknowledges that he is provided other dental necessities and that dental floss is available to those who wish to purchase it. Depriving an inmate of free dental floss does not constitute cruel and unusual punishment. Next, neither his caseworker nor the prison nurse responded to Plaintiff's concerns with deliberate indifference. Both explained to Plaintiff that he was free to purchase dental floss and that he was entitled to other hygienic necessities, but that they could not provide him with free dental floss.

As for Plaintiff's representation that he has lost two teeth and that it hurts to eat, it does not appear that he has sought medical attention for that issue. The mere fact that Plaintiff's teeth hurt in no way implicates cruel and unusual punishment.

### B. Fourteenth Amendment Equal Protection

The Equal Protection Clause directs that "all persons similarly circumstanced shall be treated alike." *Plyler v. Doe*, 457 U.S. 202, 206 (1982). A section 1983 plaintiff alleging an equal protection violation must prove that: (1) the defendants treated plaintiff differently from others similarly situated; (2) the unequal treatment was based on an impermissible classification; (3) the defendants acted with discriminatory intent in applying this classification; and (4) plaintiff suffered injury as a result of the discriminatory classification. *Moua v. City of Chico*, 324 F.Supp.2d 1132, 1137 (E.D.Cal. 2004); *see*

*Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (a section 1983 plaintiff alleging denial of equal protection "must show that the defendants acted with an intent or purpose to discriminate against plaintiff based on membership in a protected class."); *Van Pool v. City and County of San Francisco*, 752 F.Supp. 915, 927 (N.D.Cal. 1990) (section 1983 plaintiff must prove purposeful discrimination by demonstrating that he "receiv[ed] different treatment from that received by others similarly situated," and that the treatment complained of was under color of state law).

Here, Plaintiff has not alleged that he has been treated any differently that others similarly situated. Rather, he asserts that dental floss is available to those who can afford it and unavailable to those who can not. Therefore, Plaintiff, to the extent he could not afford to buy dental floss, was treated like any other inmate who cannot afford dental floss. Requiring inmates to pay for dental floss is a permissible requirement and is in no way discriminatory. Further, the fact that Plaintiff currently does not have any money to buy floss does not make him a member of a protected class. Accordingly, these facts do not state a claim under the equal protection clause.

**IV.    Preliminary Injuction**

On the same day he filed his Application to Proceed *In Forma Pauperis*, Plaintiff also filed a Motion for Preliminary Injunction requesting that the Court order prison officials to provide him with dental floss.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22. "[C]ourts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id*. at 24 (internal quotation marks omitted).

Here, as discussed above, Plaintiff has not shown that he is likely to succeed on the merits. Accordingly, the Court recommends denial of his request for a preliminary injuction.

. . .

. . .

**V.     Conclusion**

Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's Application to Proceed *in Forma Pauperis* (Dkt. #1) without having to prepay the full filing fee is **GRANTED**. However, Plaintiff shall be required to pay an initial installment fee in the amount of $26.25 toward the full filing fee of three hundred fifty dollars. Plaintiff shall have thirty days from the date this Order is entered to have the designated fee sent to the Clerk of the Court. Failure to do so may result in dismissal of this action. Furthermore, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

3. Pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act of 1995, the Clark County Detention Center shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the prisoner's account (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. If Plaintiff should be transferred and come under the care of the Nevada Department of Prisons, the CCDC Accounting Supervisor is directed to send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702, indicating the amount that Plaintiff has paid toward his filing fee, so that funds may continue to be deducted from Plaintiff's account. The Clerk shall send a copy of this order to the CCDC Accounting Supervisor, 330 S. Casino Center Blvd., Las Vegas, NV 89101.

4. The Clerk of the Court shall file the Complaint.

5. The Complaint is **DISMISSED** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have thirty (30) days from the date that this Order is

entered to file his Amended Complaint, if he believes he can correct the noted deficiencies. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., his original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Local Rule 15-1 requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged. Failure to comply with this Order will result in the recommended dismissal of this case, without prejudice.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Preliminary Injunction, Docket No. 2, be DENIED.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: March 10, 2014.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE